```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ROLAND RICHARDSON,                                            :
                                                              :
                        Plaintiff,                            :      OPINION AND ORDER
                                                              :
v.                                                            :      15 CV 4117 (VB)
                                                              :
C.O. D. WILLIAMS; LT. J. WALSH; and                           :
ALBERT E. PRACK,                                              :
                                                              :
                        Defendants.                           :
--------------------------------------------------------------x
```

Briccetti, J.:

In this Section 1983 action, plaintiff Roland Richardson, proceeding pro se and in forma pauperis, brings civil rights claims against defendants, Corrections Officer ("CO") Williams, Lieutenant ("Lt.") Walsh, and Director of Special Housing Albert E. Prack, employees of the New York State Department of Corrections and Community Supervision ("DOCCS").

Now pending is defendant Prack's motion to dismiss the amended complaint as to him. (Doc. #30).

For the reasons set forth below, the motion is GRANTED.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor.

Plaintiff was an inmate at Sing Sing Correctional Facility at all times relevant to the amended complaint. On April 30, 2014, CO Williams filed a misbehavior report against plaintiff, claiming plaintiff violated six rules governing the conduct of inmates. Plaintiff claims CO Williams filed a false report to retaliate against plaintiff for an earlier complaint plaintiff

1

made to a Housing Sergeant, which resulted in CO Williams being verbally reprimanded by that Housing Sergeant.

CO Williams's allegations in the misbehavior report were adjudicated in a disciplinary hearing between May 6, 2014, and May 14, 2014, over which Lt. Walsh presided. Plaintiff claims that during the hearing, Lt. Walsh violated several regulations governing the administration of disciplinary hearings by refusing to ask some of plaintiff's proposed questions to witnesses, refusing to recall a witness at plaintiff's request, and changing the wording of some of plaintiff's questions. Plaintiff also claims CO Williams lied under oath during this hearing. At the hearing's conclusion, Lt. Walsh found plaintiff guilty of four of the six rule violations alleged in the misbehavior report, and sentenced plaintiff to 180 days of "keeplock" with loss of all privileges.

On May 20, 2014, plaintiff appealed this result to Prack, Director of Special Housing for DOCCS. On appeal, plaintiff claimed CO Williams's and Lt. Walsh's actions violated regulations governing the administration of disciplinary hearings. Plaintiff alleges Prack was provided with "all documents and records relating to the prosecution and appeal of the disciplinary proceeding." (Pl.'s Am. Compl ¶ 28). On July 28, 2014, Prack affirmed the findings and result of the hearing, "despite the evidence of the hearing record submitted." (Pl.'s Am. Compl. ¶ 29).

After Prack affirmed the result of the hearing, plaintiff alleges he commenced an Article 78 proceeding in state court, seeking judicial review of the procedural violations at the hearing. Plaintiff claims Prack's decision was subsequently reversed, and the record of the hearing was expunged from plaintiff's DOCCS records.

Plaintiff argues Prack violated plaintiff's constitutional right to procedural due process by affirming the result of the hearing because Prack was informed of the constitutional violations committed by defendants CO Williams and Lt. Walsh at plaintiff's disciplinary hearing, but failed to remedy these wrongs. (Pl.'s Am. Compl. ¶ 38).

Prack now moves to dismiss the claim against him, asserting plaintiff has not alleged Prack's personal involvement in the deprivation of plaintiff's constitutional rights in the amended complaint, as required by Section 1983. Prack also argues that even if the amended complaint sufficiently alleges his personal involvement, he is immune from suit under the doctrine of qualified immunity.

## DISCUSSION

I.  Legal Standards

   A.  Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court evaluates the sufficiency of the amended complaint under the "two-pronged approach" outlined by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the amended complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of a pro se litigant, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotations marks and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

B.     Section 1983

"To state a claim under § 1983, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States (2) which has taken place under color of state law." Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997). Plaintiff must also allege defendants' personal involvement in the claimed violation of plaintiff's rights. Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001). In other words, a plaintiff bringing a Section 1983 claim "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676.

Prior to Ashcroft v. Iqbal, a supervisor's personal involvement in a claimed constitutional violation could have been established by providing evidence of any one or more of the following five factors:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).  After Ashcroft v. Iqbal, however, district courts within this circuit have been divided as to whether claims alleging personal involvement under the second, fourth, and fifth of these factors remain viable.  See Marom v. City of N.Y. 2016 WL 916424, at *15 (S.D.N.Y. Mar. 7, 2016) (collecting cases).[1]  The Second Circuit has yet to resolve this dispute.  Id.

C. Qualified Immunity

Under the doctrine of qualified immunity, a government official is immune from suit if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  To determine whether a government official is immune from suit, this Court must consider "(1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful."

---

[1] Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013) (citing Taravella v. Town of Wolcott, 599 F.3d 129, 133-34 (2d Cir. 2010)).

To determine whether the right was "clearly established," "the salient question . . . is whether the state of the law [when the incident occurred] gave [the defendant] fair warning that [his] alleged treatment [of plaintiff] was unconstitutional." Hope v. Pelzer, 536 U.S. 730, 741 (2002). Accordingly, this Court must "look to Supreme Court and Second Circuit precedent existing at the time of the alleged violation to determine whether the conduct violated a clearly established right." Okin v. Vill. of Cornwall-On-Hudson Police Dep't, 577 F.3d 415, 433 (2d Cir. 2009) (citation omitted).

II. Prack is Qualifiedly Immune from Suit

As noted, courts in this circuit disagree over whether the failure to remedy a wrong after being informed of a constitutional violation through a report or appeal remains sufficient to establish a supervisor's personal involvement in a constitutional violation. Marom v. City of New York, 2016 WL 916424, at *15. In a recent case, the Second Circuit expressly declined to evaluate Iqbal's impact on the pleading requirements for a supervisor's personal involvement. Shaw v. Prindle, 2016 WL 4578630, at *1 n.2 (2d Cir. Sept. 1, 2016) (summary order) ("Although the Supreme Court's decision in Ashcroft v. Iqbal . . . may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations, we need not reach Iqbal's impact on Colon in this case.") (internal quotation marks and citation omitted).

Thus, when Prack denied plaintiff's appeal, it was not "clearly established . . . whether it would be clear to a reasonable [government official] that his conduct was unlawful in the situation he confronted." Okin v. Vill. of Cornwall-On-Hudson Police Dep't, 577 F.3d at 433

(internal quotation marks and citation omitted). Accordingly, Prack is immune from suit on plaintiff's procedural due process claim.

In his opposition brief, plaintiff argues Prack was personally involved in violating plaintiff's rights not as a supervisor, but as a direct participant. Liberally construed, plaintiff claims to have had a constitutional right to an appeal, and because Prack denied the appeal, Prack did not merely refuse to remedy Lt. Walsh's and CO Williams's violations of plaintiff's constitutional rights, but directly violated plaintiff's right to due process.

This argument is unpersuasive. When, as here, a defendant's only involvement in a Section 1983 action is that he denied an inmate's appeal from a disciplinary hearing, courts in this circuit generally find the appropriate question under Colon is not whether the defendant directly violated the plaintiff's constitutional rights, but instead whether the defendant failed to remedy a constitutional violation after being informed of it by a report or appeal. See, e.g., Odom v. Calero, 2008 WL 2735868, at*7 (S.D.N.Y. July 10, 2008) (stating that when an administrator is informed via an appeal of a due process violation occurring in a disciplinary hearing and denies that appeal, "[t]he only method outlined by the Second Circuit by which personal involvement may be shown potentially relevant is that [the defendants], 'after being informed of the violation [by an appeal], failed to remedy the wrong.'" (quoting Colon v. Coughlin, 58 F.3d at 873)). Plaintiff's attempt to re-characterize defendant's involvement as direct therefore lacks merit.

Similarly, in his opposition, plaintiff claims Prack was personally involved because he created, or allowed the continuance of, a policy or custom of constitutional violations. Plaintiff argues the reversal of the hearing's result after plaintiff commenced an Article 78 proceeding

7

demonstrates Sing Sing's "policy and custom to perform pro forma, and/or cursory review of appeals put before defendant Prack." (Pl.'s Opp. at 4).

This argument also lacks merit.

"Allegations involving only a single incident are generally insufficient to demonstrate the existence of an official policy or custom for purposes of establishing personal involvement under § 1983." Parris v. N.Y. State Dep't Corr. Serv., 947 F. Supp. 2d 354, 364 (S.D.N.Y. 2013) (citation omitted). Outside of the incident upon which the amended complaint is premised, defendant does not allege any other incidents illustrating a custom or practice. Instead, plaintiff states in a conclusory fashion that a custom or policy existed of cursorily denying appeals from disciplinary hearings. These "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth afforded to well-pleaded allegations. See Ashcroft v. Iqbal, 556 U.S. at 678. Plaintiff's allegation that Prack was personally involved by continuing a policy or custom of constitutional violations therefore must be dismissed. See id.

III.   Leave to Amend

The Court should freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a). Generally, when a pro se plaintiff fails to state a cause of action, this Court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

Here, plaintiff has already amended his complaint. On November 20, 2015, defense counsel requested a conference in anticipation of moving to dismiss the complaint for failure to allege the personal involvement of certain defendants. (Doc. #23). The Court held an on-the-

record conference and granted plaintiff leave to amend, explaining to plaintiff that he must allege how each named defendant was personally involved in depriving him of his constitutional rights. (Doc. #25).  The Court also warned plaintiff he might not receive another opportunity to amend the complaint.  (Id.).  Plaintiff subsequently filed an amended complaint on February 18, 2016. (Doc. #26).

Having already granted plaintiff leave to amend to plead Prack's personal involvement, and finding no basis in the amended complaint, liberally read, upon which plaintiff might state a valid claim against Prack, the Court declines to grant plaintiff leave to amend again.

## CONCLUSION

For the reasons stated above, defendant Albert E. Prack's motion to dismiss is GRANTED.  Plaintiff's claim against Prack is dismissed with prejudice, and the Clerk is instructed to terminate Prack as a defendant.

The Clerk is further instructed to terminate the motion.  (Doc. #30).

The Court certifies pursuant to 28 U.S .C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: October 4, 2016
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge